**Sarah Jo PEETE, Plaintiff/Appellant,**

v.

**SHELBY COUNTY HEALTH CARE CORPORATION, Defendant/Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 19, 1996.

Application for Permission to Appeal Denied by Supreme Court Jan. 6, 1997.

Ira M. Thomas, Al H. Thomas, Thomas & Thomas, Memphis, for Plaintiff/Appellant.

Mark S. Norris, Cannon F. Allen, Armstrong, Allen, Prewitt, Gentry, Johnston & Holmes, Memphis, for Defendant/Appellee.

FARMER, Judge.

In this negligence action, Plaintiff–Appellant, Sarah Jo Peete ("Ms. Peete" or "Plaintiff"), appeals the trial court's grant of summary judgment in favor of Defendant–Appellee, Shelby County Health Care Corporation ("The Med" or "Defendant").

The pertinent facts are as follows: In October 1989, Ms. Peete underwent a Burch colposuspension and urethropexy surgery at The Med. After her surgery, Ms. Peete was transported to a semi-private recovery room. While Ms. Peete was recovering, a hospital technician attempted to remove an orthopedic suspension bar from her bed. During the removal of this bar, a piece of the apparatus fell and struck Ms. Peete on the top of her head.

An examination of Ms. Peete's head immediately after the accident revealed no bleeding or swelling of the scalp area. Neither stitching nor bandages were used on the injury. A CT scan performed by The Med revealed that there was no internal bruising or damage to Ms. Peete's brain.

On June 20, 1990, Ms. Peete brought this action, alleging that she began to suffer from severe chronic headaches as a result of the accident. Ms. Peete's complaint was titled "Complaint for Professional Negligence" and contained the following allegations:

### ACTS OF NEGLIGENCE

10. That the employee of The Med was negligent in permitting the orthopedic suspension bar to strike Plaintiff's head while he/she was moving same. That said act was a deviation from the standard of care that should be exercised by employees of a

like hospital in Memphis or a similarly situated community.

## DAMAGES

11. That as a direct and proximate result of the professional negligence—"medical malpractice"—by the defendant and its employees in failing to provide care [sic] accordance with the standard of professional care that is customarily given by or expected of hospitals in this community, the Plaintiff has suffered severe injuries— which are furthermore permanent in nature, has incurred medical expenses as a direct and proximate result thereof and will continue to do so in the future.

The Med moved for summary judgment. Prior to the hearing on the motion, The Med filed the affidavit of medical expert, Dr. Michael H. Deshazo, who testified that "[t]he cause of headaches is very difficult to diagnose even for neurologists" and further opined that Ms. Peete's headaches "have not been caused by the alleged trauma she claims to have sustained while a patient at The Med." Ms. Peete filed no countervailing affidavit by a medical expert witness.

The trial court determined · that Ms. Peete's complaint stated a cause of action in medical malpractice and granted The Med's motion for summary judgment based on the Plaintiff's failure to produce expert proof as to the cause and permanency of her alleged injuries.

Plaintiff appeals the trial court's decision, presenting the following. issues for our review:

1. Did the trial court err in first ruling that since the heading in this Complaint is entitled *"Complaint for Professional Negligence"* and since it further uses the term "medical malpractice" in paragraph 11 therein when describing damages, plaintiff must establish all elements of her cause in accordance with T.C.A. § 29–26–115 regardless that the facts alleged in the Complaint show that this can be viewed as a **normal** (non-medical malpractice) tort action?

2. Even if this cause should be characterized as a "medical malpractice" case, did the trial court err in granting the Defendant's *motion for summary judgment* on the ground that T.C.A. § 29–26–115 requires proof of causation and permanency of injuries to be by **expert** testimony *only?*

3. Did the trial court err in ruling that since plaintiff's Complaint specifically contends therein at paragraph 11 that plaintiff has sustained damages which are **"permanent in nature,"** plaintiff's Complaint must be dismissed *in its entirety* as to *any* form of damages—both "permanent" and "nonpermanent"—since plaintiff failed to produce expert medical testimony to refute defendant's expert's affidavit testimony that her injuries were not "permanent" and were not caused by getting hit by the metal bar.

■ As her first issue, Ms. Peete argues that her complaint was intended to state a cause of action for a simple personal injury tort. Therefore, she asserts that her action is not subject to T.C.A. § 29–26–115 which requires proof of the elements of her action by expert testimony.[1] The Med, on the oth-

1. T.C.A. § 29–26–115 (1980) provides in pertinent part:

(a) In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which he practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a) unless he was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make his expert testimony relevant to the issues in the case and had practiced this profession or specialty in one of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection when it

er hand, argues that Ms. Peete's complaint attempts to state a cause of action for medical malpractice, and that Ms. Peete's action is therefore, governed by T.C.A. § 29–26–115.

In *Graniger v. Methodist Hosp. Healthcare Sys., Inc.,* No. 02A01–9309–CV–00201, 1994 WL 496781 (Tenn.App. Sep. 9, 1994), this Court recognized that:

> Medical malpractice cases typically involve a medical diagnosis, treatment or other scientific matters. The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of fact.

*Id.* at **3 (citing *Pearce v. Feinstein,* 754 F.Supp. 308, 310 (W.D.N.Y.1990)).

In the instant case, Plaintiff alleged that she was injured when an employee of Defendant attempted to dismantle an orthopedic suspension bar, which was not in use at the time, and allowed a portion of that apparatus to strike her in the head. Although Plaintiff's counsel uses the term "medical malpractice" in paragraph 11, we do not believe that such an act involved a matter of medical science or art not ordinarily possessed by lay persons. Therefore, we believe that Plaintiff's complaint, however inartfully drafted, states a claim for ordinary negligence. Consequently, T.C.A. § 29–26–115 does not apply to this case.

We turn now to the issue of whether summary judgment was proper in light of our finding. The Med argues that, regardless of whether this is an action in medical malpractice or negligence, Ms. Peete was still obligated to come forward with expert testimony concerning the cause in fact of her injuries in order to negate the affidavit of Dr. Deshazo who stated that Ms. Peete's injuries were not caused "by the alleged trauma she claims to have sustained while a patient at The Med." The Med points out that Ms. Peete presented no expert evidence to refute

Dr. Deshazo's affidavit or to show that the accident could be a cause in fact of her headaches. Therefore, The Med argues that summary judgment was proper regardless of the specific nature of the cause of action. We disagree.

The trial court should grant a motion for summary judgment only if the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56.03 T.R.C.P.; *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993); *Dunn v. Hackett,* 833 S.W.2d 78, 80 (Tenn.App.1992). When a motion for summary judgment is made, the court must consider the motion in the same manner as a motion for directed verdict made at the close of the plaintiff's proof; that is, "the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd,* 847 S.W.2d at 210–11. In *Byrd,* the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. [citations omitted]. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211.

The summary judgment process should only be used as a means of concluding a case when there are no genuine issues of material fact, and the case can be resolved on the legal issues alone. *Id.* at 210 (citing *Bellamy v. Federal Express Corp.,* 749 S.W.2d 31, 33 (Tenn.1988)). "[W]hen the credibility of witnesses is an integral part of the factual proof, or when evidence must be weighed, a trial is necessary because such issues are not appropriately resolved on the basis of affidavits." *Byrd,* 847 S.W.2d at 216.

determines that the appropriate witnesses other-   wise would not be available.

As a general rule summary judgments are not appropriate in negligence cases. *Bowman v. Henard,* 547 S.W.2d 527, 530 (Tenn.1977). In the instant case, Dr. Deshazo opines in his affidavit that Mrs. Peete's injuries were not caused "by the alleged trauma she claims to have sustained while a patient at The Med." However, in her deposition, Ms. Peete states that her severe headaches were caused by the blow to her head because they started immediately after the blow. She further states that she did not suffer from these sharp pains prior to the accident at The Med. As noted *supra,* credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of the trier of fact. *Byrd,* 847 S.W.2d at 212. Consequently, there exists a disputed issue of material fact as to whether the ordinary negligence of Defendant caused Plaintiff's injuries. Therefore, we hold that the trial court erred in granting summary judgment to Defendant. As our disposition of this issue is dispositive of this appeal, we pretermit Plaintiff's other issues.

The judgment of the trial court is reversed and this cause remanded for trial. Costs on appeal are taxed to the appellee, for which execution may issue if necessary.

CRAWFORD, P.J. (W.S.), and LILLARD, J., concur.