# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
September 7, 2016 Session

## VICKI J. REDICK v. SAINT THOMAS MIDTOWN HOSPTIAL, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C-3039      Amanda McClendon, Judge**

_____

**No. M2016-00428-COA-R3-CV – Filed October 26, 2016**

_____

Vicki J. Redick ("Plaintiff") appeals the dismissal with prejudice of her health care liability action against Saint Thomas Midtown Hospital ("the Hospital") and Jane Doe, an employee of the Hospital. We find and hold that Plaintiff, despite application of the common knowledge exception when appropriate, would be unable to prove her claim without expert proof, and therefore, Plaintiff was required to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122. As Plaintiff failed to file the required certificate of good faith, we find no error in the judgment of the Circuit Court for Davidson County ("the Trial Court") dismissing Plaintiff's case with prejudice for failure to comply with Tenn. Code Ann. § 29-26-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Stephen Crofford and Brenda Rhoton Clark, Nashville, Tennessee, for the appellant, Vicki J. Redick.

Brian W. Holmes and Sean C. Wlodarczyk, Nashville, Tennessee, for the appellee, Saint Thomas Midtown Hospital.

# OPINION

## Background

Plaintiff was admitted to the Hospital on August 8, 2014, "with complaints of diffuse weakness and falling for two days."[1] Plaintiff remained in the Hospital until August 15, 2014. During her stay at the Hospital, Plaintiff was placed on "fall precautions," which "included, but were not limited to, 'Visualized Patient, 3 Side Rails Up, Bed Alarms On, Bed in Low Position, Bedside Commode Within Reach, Call Light/Phone Within Reach, Fall Risk Armband, Nonskid Footwear, Sign On Door, Walkway Clear, Wheels Locked.'"

On August 12, 2014, Jane Doe, the Hospital's employee, assisted Plaintiff to transfer from her bed to the portable commode, which was "not within reach of the bed as ordered," while the Hospital's employee changed the sheets on Plaintiff's bed. Allegedly, "[a]s Plaintiff was transferring back from the portable commode to the bed with Jane Doe beside her to assist, Plaintiff fell when Jane Doe did not take the necessary steps to assist her." Purportedly, "Jane Doe was within arm's reach of Plaintiff and despite Plaintiff reaching out Jane Doe failed to assist Plaintiff resulting in Plaintiff's fall." Plaintiff allegedly hit her right side on a bedside table during the fall and landed on her right side.

Plaintiff filed suit against the Hospital and Jane Doe on August 12, 2015. Plaintiff neither provided pre-suit notice 60 days prior to filing suit pursuant to Tenn. Code Ann. § 29-26-121 nor filed a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122. The Hospital filed a motion to dismiss for failure to comply with Tenn. Code Ann. §§ 29-26-121 and 122. Plaintiff responded to the motion to dismiss arguing that her claims fall within the common knowledge exception such that expert proof is not required, thus forgiving her failure to file a certificate of good faith.

After a hearing, the Trial Court entered its Memorandum Opinion on January 29, 2016, finding and holding, *inter alia*:

> This Court must look to the specific facts of this case to determine whether the common knowledge exception should apply. Accepting as true the allegations in [Plaintiff's] Complaint, [Plaintiff's] care providers were aware of vulnerabilities that exposed her to an imminent risk of harm. Despite their knowledge that [Plaintiff] suffered from diffuse weakness and had a history of falls, hospital personnel placed her on a commode that was out of reach of

---

[1] As this case was decided by the Trial Court on a motion to dismiss, the facts of this case as discussed and quoted are taken from Plaintiff's complaint.

her bed. [The Hospital] employee then allegedly failed to take the necessary steps to assist her back to her bed. [Plaintiff] does not allege that her condition was improperly assessed or that her fall precautions were improper.

This decision clearly was not a *professional* one; rather, it involved an ordinary action in surroundings that a layperson can readily understand. If proven, these facts require no expert explanation because lay jurors can evaluate the reasonableness of the allegedly negligent acts by employing their common knowledge and experience. This Court finds that the common knowledge exception applies in this case.

* * *

[The Hospital] avers that a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122 is still required on the element of causation, regardless of whether the common knowledge exception applies. [Plaintiff] claims "medical expenses . . . great pain and. suffering, and permanent impairment" as injuries allegedly cause by [the Hospital] . . . . It's true that the reasonableness and necessity of medical bills and the existence of a permanent impairment are not matters susceptible to proof by a layperson. Tenn. R. Civ. P. 701,702 & 703.

* * *

This case differs from the case where the right arm is amputated instead of the left leg. In that example, causation does not need to be established by expert proof. The plaintiff in that case has lost a healthy limb due to defendant's egregious and obvious mistake. Here, [Plaintiff] claims she suffered injuries from a fall that occurred when [the Hospital] employee allegedly placed her commode out of reach of her bed and failed to appropriately assist her from the commode to the bed. [Plaintiff] was admitted to the hospital because she had suffered prior falls. Thus, expert testimony would be required to establish causation in this case, whether the alleged injuries resulted from the fall that is the subject of this case.

Tenn. Code Ann. § 29-26-122 requires a certificate of good faith only in health care liability actions "in which expert testimony is required by [§ 29-26- 115]." While this Court finds this case is appropriate for application of the common knowledge exception, expert testimony would still be required on the element of causation to show that "as a proximate result of the defendant's

3

negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.'"

It is undisputed that this is a healthcare liability action and compliance with Tenn. Code Ann. § 29-26-101, *et seq* is required. The common knowledge exception does not completely remove the action from the requirements of § 29-26-115. [Plaintiff] did not file a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122. Thus, this action must be dismissed with prejudice.

Plaintiff appeals the dismissal of her case to this Court.

## Discussion

Plaintiff raises one issue on appeal, which we quote: "When expert proof is not required to establish the recognized standard of acceptable professional practice in the profession, due to the 'common knowledge' exception, is the plaintiff required to file a certificate of good faith under T.C.A. § 29-26-122?"[2] The Hospital raises an additional issue, which we restate as: whether the Trial Court erred in finding that the common knowledge exception applies to Plaintiff's claims.

This Court recently answered the question of whether a certificate of good faith must be filed when the claims fall within the common knowledge exception in *Newman v. Guardian Healthcare Providers, Inc.* wherein we stated:

> Notwithstanding the general requirement that an action filed under [the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101 *et seq.*] be supported by expert proof, it is not absolute. As our Supreme Court acknowledged in *Ellithorpe* [*v. Weismark*, 479 S.W.3d 818 (Tenn. 2015)], expert proof is not required in a health care liability action where the claim "falls within the 'common knowledge' exception." . . . [E]xpert proof may be dispensed with when the trier of fact can determine, based on common knowledge, that the direct allegations against a defendant constitute negligence. . . . Notwithstanding the differences in context in which the common knowledge language has been discussed, one salient point emerges as it concerns expert proof and the application of the "common knowledge" exception itself: expert testimony is not required where the act of alleged

---

[2] Plaintiff does not contest that her suit would be subject to dismissal without prejudice for her failure to comply with Tenn. Code Ann. § 29-26-121.

wrongful conduct lies within the common knowledge of a layperson. *See Baldwin v. Knight*, 569 S.W.2d 450, 456 (Tenn. 1978); *Bowman v. Henard*, 547 S.W.2d 527, 530–31 (Tenn. 1977); *Tucker v. Metro. Gov't of Nashville & Davidson Cnty.*, 686 S.W.2d 87, 92 (Tenn. Ct. App. 1984). Given this understanding, a determination that a claim falls within the THCLA does not automatically trigger all of the statute's requirements. The need for expert proof will not lie if the matter is within the common knowledge of a layperson, and if there is no need for expert proof, a plaintiff's complaint will not fail for failure to attach a certificate of good faith under section 29–26–122. *See* Tenn. Code Ann. 29–26–122(a) (2012) ("In any health care liability action *in which expert testimony is required* by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.") (emphasis added). Thus, although determining that a claim constitutes a health care liability action will subject it to the pre-suit notice requirement in section 29–26–121, additional analysis is needed to determine whether expert proof is necessary. *See Smith v. Testerman*, No. E2014–00956–COA–R9–CV, 2015 WL 1118009, at *5 (Tenn. Ct. App. Mar. 10, 2015), *perm. app. denied* (Tenn. June 15, 2015).

2016 WL 537075, at *7-9 (footnote and internal citations omitted); *see also Estate of Bradley*, 2015 WL 9946266, at *5 ("While the requirements of Tennessee Code Annotated section 29–26–121 *always* apply to health care liability claims, section 29–26-122 applies *only* to health care liability claims requiring expert testimony. Expert testimony is not required in a THCLA claim if the negligence is obvious and readily understandable by an average layperson.") (emphasis in original; internal quotation marks and brackets in original omitted).

*Newman v. Guardian Healthcare Providers, Inc.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, at **5-6 (Tenn. Ct. App. July 27, 2016), *no appl. perm. appeal filed* (quoting *Osunde v. Delta Med. Ctr.*, No. W2015-01005-COA-R9-CV, 2016 WL 537075 (Tenn. Ct. App. Feb. 10, 2016), *no appl. perm. appeal filed*).[3] Thus, as *Newman* explained, if a plaintiff's claims fall within the common knowledge exception, then a

---

[3] Our opinion in *Newman* was released after the parties had filed their briefs in the case now before us.

plaintiff need not file a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122.

Which brings us to the issue raised by the Hospital with regard to whether the Trial Court erred in finding that the common knowledge exception applies to Plaintiff's claims. The Trial Court dismissed Plaintiff's case upon Defendant's motion to dismiss. As our Supreme Court has instructed:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

The Trial Court found that Plaintiff's suit is a health care liability action.[4] We agree. As such, Plaintiff was required to comply with Tenn. Code Ann. § 29-26-101 *et seq.* ("the THCLA"). Pursuant to the THCLA:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. . . .

\* \* \*

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. . . .

Tenn. Code Ann. § 29-26-122 (2012).

It is undisputed that Plaintiff failed to file a certificate of good faith with her complaint. The Hospital filed a motion seeking to have Plaintiff's complaint dismissed with prejudice for failure to file a certificate of good faith. Plaintiff argues that expert testimony is not required in this case due to the common knowledge exception, and, therefore, a certificate of good faith was not required. Our Supreme Court has explained the common knowledge exception stating:

Medical malpractice cases fitting into the "common knowledge" exception typically involve unusual injuries such as a sponge or needle being left in the patient's abdomen following surgery or where the patient's eye is cut during the performance of an appendectomy. *See Nichopoulos*, 577 S.W.2d at 203 (citing *Harrison v. Wilkerson*, 56 Tenn. App. 188, 405 S.W.2d 649 (1966); *Meadows v. Patterson*, 21 Tenn. App. 283, 109 S.W.2d 417 (1937)). Jurors in those cases are permitted to infer negligence based upon a common-sense understanding that such injuries do not ordinarily occur unless the attending physician or health-care provider was somehow negligent. The critical question becomes whether the instrumentality causing the injury was under the defendant's exclusive control when the

_____

[4] The parties do not contest that the suit constitutes a health care liability action.

7

injury occurred. *Harrison*, 405 S.W.2d at 651; *Meadows*, 109 S.W.2d at 419–20.

*Seavers v. Methodist Med. Cntr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999).

Construing the complaint liberally in favor of Plaintiff, as we must at this stage of the proceedings, we find, as did the Trial Court, that the common knowledge exception applies in this case with regard to the element of breach of duty. Plaintiff alleged that she was placed under "fall precautions" and that "Jane Doe was within arm's reach of Plaintiff and despite Plaintiff reaching out Jane Doe failed to assist Plaintiff resulting in Plaintiff's fall." Thus, Plaintiff has alleged that although the Hospital was aware that Plaintiff needed extra help and that fall precautions were in place for Plaintiff's protection, the Hospital's employee failed to comply with the fall precautions by placing the commode out of reach of the bed and then failing to assist Plaintiff to transfer from the commode back to the bed. We agree with the Trial Court that these allegations as to a breach of duty are within the common knowledge of laypersons, and, thus, would not require expert proof. Therefore, as no expert proof is required on the issue of breach of duty, Tenn. Code Ann. § 29-26-122 does not require the dismissal with prejudice of Plaintiff's complaint.

The Hosptial also argues in their brief on appeal that expert proof still would be required, however, to prove Plaintiff's alleged damages. As pertinent, the THCLA provides:

(a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1) The recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115 (2012).

In her complaint, Plaintiff alleged that: "As a result of the common law negligent actions or omissions of Defendants, through Defendants' staff and employees including Jane Doe, . . . Plaintiff suffered medical expenses, endured great pain and suffering and

8

permanent impairment." In its Memorandum Opinion the Trial Court stated: "that the reasonableness and necessity of medical bills and the existence of a permanent impairment are not matters susceptible to proof by a layperson." We agree that, even at a motion to dismiss stage, these are not matters within the common knowledge of a layperson.

Plaintiff would have to prove that the particular fall at issue in this case, and not any other fall or event Plaintiff may have suffered prior to the fall at issue, was the proximate cause of the injuries she allegedly received. Plaintiff's complaint alleges that she was admitted to the Hospital "with complaints of diffuse weakness and falling for two days." The fall at issue in this case occurred less than one week after Plaintiff was admitted to the Hospital. Given this, it is not unreasonable to suppose that Plaintiff may have suffered injuries from falls other than the fall at issue in this case. Expert proof would be required to show that Plaintiff's alleged injuries were proximately caused by the particular fall at issue in this case. The cause of Plaintiff's injuries simply is not within the common knowledge of a layperson, and, therefore, would require expert proof.

As Plaintiff would require expert proof in order to prove that the alleged damages were proximately caused by the fall at issue in this suit, Plaintiff was required to file a certificate of good faith in compliance with Tenn. Code Ann. § 29-26-122. Plaintiff failed to file a certificate of good faith. We, therefore, find no error in the Trial Court's dismissal of Plaintiff's claims with prejudice.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Vicki J. Redick, and her surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

9