IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 27, 2017 Session

## JONATHAN FITZRANDOLPH ZINK v. RURAL/METRO OF TENNESSEE, L.P. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-202-15      Kristi M. Davis, Judge**

_____

**No. E2016-01581-COA-R3-CV**

_____

In this action regarding injury allegedly caused by an emergency medical technician in the course of rendering medical aid, the trial court determined that the plaintiff's claims were subject to the Tennessee Health Care Liability Act ("THCLA") and dismissed the claims with prejudice based on the plaintiff's failure to file a certificate of good faith pursuant to Tennessee Code Annotated § 29-26-122. The plaintiff has appealed, conceding that his claims sounded in health care liability but asserting that they should not have been dismissed with prejudice because a certificate of good faith was not required. Following our review of the complaint, we conclude that the plaintiff's claims were subject to the common knowledge exception such that a certificate of good faith was not required pursuant to Tennessee Code Annotated § 29-26-122. We therefore reverse the trial court's dismissal with prejudice and remand this matter to the trial court for entry of an order dismissing the plaintiff's claims without prejudice based upon his failure to provide pre-suit notice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Alexander J. Winston, Knoxville, Tennessee, for the appellant, Jonathan Fitzrandolph Zink.

P. Edward Pratt and Andrew J. Droke, Knoxville, Tennessee, for the appellees, Rural/Metro of Tennessee, L.P.; Rural/Metro Corporation of Tennessee; and Randy Osborne.

## OPINION

### I. Factual and Procedural Background

The plaintiff, Jonathan Fitzrandolph Zink, filed the instant action on April 13, 2015, alleging that he sustained injuries on April 21, 2014, when one of the defendants, who was an emergency medical technician ("EMT"), "negligently and carelessly" struck Mr. Zink in the face with his fist. Mr. Zink filed the present action against the EMT in question, Randy Osborne, and his employer, Rural/Metro of Tennessee, L.P. (collectively, "Defendants").[1] In his complaint, Mr. Zink asserted that he was strapped to a gurney and under Mr. Osborne's care at the time the blow occurred. Mr. Zink claimed, *inter alia*, that Mr. Osborne assaulted and battered him, using excessive force. Mr. Zink alleged that he suffered permanent injuries as a result of Mr. Osborne's "negligent, reckless, or intentional acts," incurring resultant medical expenses and loss of enjoyment of life. Mr. Zink further asserted that Mr. Osborne was acting in the scope of his employment and that his employer should be held vicariously liable.

Defendants filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). In support, Defendants asserted that Mr. Zink's action was, in actuality, a health care liability action because Mr. Osborne was a health care provider and Mr. Zink's injuries were "related to" the provision of health care services. *See* Tenn. Code Ann. § 29-26-101(a)(1). Defendants thereby argued that Mr. Zink's claims should be dismissed because he failed to provide the requisite pre-suit notice and failed to file a certificate of good faith. *See* Tenn. Code Ann. §§ 29-26-121 and -122.

The trial court conducted a hearing on April 29, 2016, regarding the motion to dismiss. On July 15, 2016, the court issued an order granting the motion. In its order, the trial court reviewed the facts alleged in the complaint. Based on the definition of a health care liability action contained in Tennessee Code Annotated § 29-26-101(a)(1), the court determined that Mr. Zink's complaint asserted a health care liability claim. The court found that Mr. Osborne was a health care provider and that the incident occurred "while the plaintiff was strapped to a gurney and 'under Mr. Osborne's care.'" Relying upon the Tennessee Supreme Court's opinion in *Ellithorpe v. Weismark*, 479 S.W.3d 818, 828 (Tenn. 2015), the court also determined that Mr. Zink's claims were "subject to the THCLA 'regardless of any other claims, causes of action, or other theories of liability alleged in the complaint.'" *See* Tenn. Code Ann. § 29-26-101(d). The court specifically

---

[1] Mr. Zink also named Rural/Metro Corporation of Tennessee as a defendant. In their answer and motion to dismiss, Defendants asserted that Rural/Metro Corporation of Tennessee was not a proper party because it was not Mr. Osborne's employer. The trial court did not rule on this assertion before it dismissed Mr. Zink's claims.

noted that "the degree of restraint necessary to contain a patient in order to provide medical treatment certainly involves the provision of medical services."

Because there was no dispute that Mr. Zink had failed to comply with the pre-suit notice provisions of Tennessee Code Annotated § 29-26-121, the trial court determined that the appropriate remedy for that omission would be dismissal without prejudice. Due to Mr. Zink's failure to comply with the provisions of Tennessee Code Annotated § 29-26-122, however, regarding the filing of a certificate of good faith, the court concluded that Mr. Zink's action should be dismissed with prejudice.

In ruling on the motion, the trial court considered Mr. Zink's argument that he should be excused from filing a certificate of good faith because the alleged act of negligence was "within the common knowledge of a layperson," such that expert proof was not necessary. *See Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 886 (Tenn. Ct. App. 2016). *See also Ellithorpe*, 479 S.W.3d at 829 ("[E]xpert proof is required to establish the recognized standard of acceptable professional practice in the profession, unless the claim falls within the 'common knowledge' exception . . . ."). The trial court in the present action determined that the "common knowledge" exception did not apply because "as set forth previously, the degree of restraint necessary to contain an individual in order to provide medical treatment is not something that is within the common knowledge of a lay person." The trial court accordingly dismissed Mr. Zink's claims with prejudice by reason of his failure to file a certificate of good faith. Mr. Zink timely appealed.

## II. Issues Presented

Mr. Zink presents the following issues, which we have restated slightly:[2]

1. Whether the trial court erred by drawing the inference that Mr. Osborne was attempting to restrain Mr. Zink at the time of the incident when such information was not contained within the complaint.

2. Whether the trial court erred by granting a dismissal of Mr. Zink's claims with prejudice due to his failure to file a certificate of good

---

[2] We note that Defendants raised an issue in their appellate brief regarding whether Mr. Zink's arguments on appeal should be deemed waived due to his failure to cite to the technical record in his initial brief. *See* Tenn. R. App. P. 27; Tenn. Ct. App. R. 6. Mr. Zink subsequently filed a motion for leave to supplement his principal brief with "inadvertently omitted citations to the record," which was granted by this Court. Mr. Zink thereafter filed an amended brief, containing the appropriate record citations. We therefore determine this issue to be pretermitted as moot.

faith because the alleged act of negligence was within the common knowledge of a layperson.

### III. Standard of Review

Our Supreme Court has elucidated the following regarding the standard of review applicable to a motion to dismiss a health care liability action based upon the plaintiff's noncompliance with Tennessee Code Annotated §§ 29-26-121 and -122:

> The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

> Because the trial court's denial of the Defendants' motion involves a question of law, our review is de novo with no presumption of correctness. *Graham v. Caples,* 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether [the plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill,* 353 S.W.3d 478, 481-82 (Tenn. 2011). We review the trial court's decision to excuse compliance under an abuse of discretion standard. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes

4

reasoning that results in an injustice to the complaining party." *Wilson v. State,* 367 S.W.3d 229, 235 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright,* 337 S.W.3d 166, 176 (Tenn. 2011)). We examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in flavor of the plaintiff. *Lind v. Beaman Dodge, Inc.,* 356 S.W.3d 889, 894 (Tenn. 2011).

* * *

The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. *Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 309 (Tenn. 2008). To that end, we start with an examination of the statute's language, *Curtis v. G.E. Capital Modular Space,* 155 S.W.3d 877, 881 (Tenn. 2005), presuming that the legislature intended that each word be given full effect. *Lanier v. Rains,* 229 S.W.3d 656, 661 (Tenn. 2007). When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000); *see also In re Adoption of A.M.H.,* 215 S.W.3d 793, 808 (Tenn. 2007) ("Where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect.") (citing *Calaway ex rel. Calaway v. Schucker,* 193 S.W.3d 509, 516 (Tenn. 2005)). The construction of a statute is also a question of law which we review de novo without any presumption of correctness. *Lind,* 356 S.W.3d at 895.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012).

## IV. Improper Inference

As his initial issue, Mr. Zink argues that the trial court drew an improper inference regarding the reason for Mr. Osborne's alleged assault upon Mr. Zink. In its order granting Defendants' motion to dismiss, the trial court stated that "the degree of restraint necessary to contain a patient in order to provide medical treatment certainly involves the provision of medical services." However, in ruling on a motion to dismiss filed pursuant to Tennessee Rule of Civil Procedure 12, the trial court is required to review only the factual allegations contained in the complaint. As our Supreme Court has explained:

Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the

5

pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn. 2002) (internal citations omitted).

In reviewing the trial court's order while concomitantly giving proper deference to the appropriate standard of review, we agree with Mr. Zink's argument. Mr. Zink's complaint contained no allegations regarding "restraint necessary to contain an individual in order to provide medical treatment." In fact, the complaint stated that Mr. Zink was struck by Mr. Osborne, who "swung his closed fist" and hit Mr. Zink's face at a time when "Mr. Zink was strapped to a stretcher or gurney." The trial court drew an inference that Mr. Osborne was restraining Mr. Zink in order to provide medical treatment at the time of the physical contact, such that the force used by Mr. Osborne might have been justified. This is an inference in favor of Mr. Osborne. An equally reasonable and plausible inference could be drawn in Mr. Zink's favor that Mr. Zink was already fully restrained at the time of the physical contact, based upon his allegation that he was "strapped to a gurney." Drawing this inference would suggest that the force used by Mr. Osborne may have been excessive. Because the court was required, upon analyzing a motion to dismiss, to draw all reasonable inferences in Mr. Zink's favor, the court improperly drew the inference that Mr. Osborne hit Mr. Zink in the face in order to restrain him.

### V. Propriety of Dismissal with Prejudice

In his appellate brief, Mr. Zink concedes that his claims fall within the purview of the THCLA. *See* Tenn. Code Ann. § 29-26-101, *et seq*. Tennessee Code Annotated § 29-26-101(a)(1) provides:

"Health care liability action" means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or

6

failure to provide, health care services to a person, regardless of the theory of liability on which the action is based . . . .

Furthermore, Tennessee Code Annotated § 29-26-101(a)(2) defines a "[h]ealth care provider" as:

(A) A health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68, including, but not limited to, medical resident physicians, interns, and fellows participating in a training program of one of the accredited medical schools or of one of such medical school's affiliated teaching hospitals in Tennessee . . . .

EMTs are "licensed, authorized, certified, registered, or regulated" pursuant to title 68, specifically Tennessee Code Annotated § 68-140-301, *et seq*., known as the Emergency Medical Services Act. Accordingly, Mr. Zink has raised no issue on appeal with regard to the trial court's determination that Mr. Zink's complaint alleged a health care liability claim.

Based on the concession that his action is controlled by the THCLA, Mr. Zink also concedes that his failure to comply with the pre-suit notice requirements contained in Tennessee Code Annotated § 29-26-121 would result in a dismissal of his claims without prejudice. Mr. Zink takes issue, however, with the trial court's determination that his action should be dismissed with prejudice because of his failure to file a certificate of good faith in accordance with Tennessee Code Annotated § 29-26-122. Mr. Zink posits that no such filing was required in this matter because expert proof would not be necessary to prove his claims. *See* Tenn. Code Ann. § 29-26-122 ("In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.") (emphasis added); *see also Estate of Bradley v. Hamilton Cnty.*, No. E2014-02215-COA-R3-CV, 2015 WL 9946266, at *5 (Tenn. Ct. App. Aug. 21, 2015) ("While the requirements of Tennessee Code Annotated section 29-26-121 *always* apply to health care liability claims, section 29-26-122 applies *only* to health care liability claims requiring expert testimony.")

According to Mr. Zink, his claims would fall within the "common knowledge" exception to the requirement of expert testimony, as described in *Ellithorpe* and *Osunde,* because the alleged act of negligence was within the common knowledge of a layperson. *See Ellithorpe*, 479 S.W.3d at 829; *Osunde*, 505 S.W.3d at 886. With regard to the "common knowledge" exception, this Court has recently elucidated:

7

The question of whether a plaintiff has made claims of medical negligence that are so obvious and understandable as to be within the common knowledge of a layperson, thereby relieving a plaintiff of the expert testimony requirement, has been frequently addressed by Tennessee appellate courts. We have observed that "only the most obvious forms of [medical] negligence may be established without expert testimony." *Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155, 160 (Tenn. Ct. App. 1984); *accord Payne v. Pelmore*, No. M2004-02281-COA-R3-CV, 2006 WL 482922, at *3 (Tenn. Ct. App., filed Feb. 28, 2006); *Graniger v. Methodist Hosp. Healthcare Sys., Inc.*, No. 02A01-9309-CV-00201, 1994 WL 496781, at *3 (Tenn. Ct. App., filed Sept. 9, 1994) ("The common knowledge exception applies to cases in which the medical negligence is as blatant as a 'fly floating in a bowl of buttermilk' so that all mankind knows that such things are not done absent negligence") (citing *Murphy v. Schwartz*, 739 S.W.2d 777, 778 (Tenn. Ct. App. 1986)).

*Newman v. Guardian Healthcare Providers, Inc.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, at *6 (Tenn. Ct. App. July 27, 2016).

Prior decisions from this Court are illustrative of the type of common knowledge that would preclude the necessity of expert medical proof. For example, in one such case, a hospital employee attempted to remove a suspension bar from the plaintiff's hospital bed and dropped a piece of the bar on the plaintiff's head. *See Peete v. Shelby Cnty. Health Care Corp.*, 938 S.W.2d 693, 697 (Tenn. Ct. App. 1997). The plaintiff presented no expert medical proof regarding causation; she instead testified via deposition that she began suffering severe headaches immediately following the blow to her head. *Id.* The plaintiff further testified that she did not suffer from such headaches prior to the incident. *Id.* This Court accordingly determined that the plaintiff's testimony created a genuine issue of material fact regarding the causation of the plaintiff's injuries, such that summary judgment in favor of the defendant was inappropriate. *Id.*

Another such action involved an ambulance attendant failing to lock the stretcher carrying a patient in place, causing injury to the plaintiff when the stretcher shifted during transport. *See Wilson v. Monroe Cnty.*, 411 S.W.3d 431, 440 (Tenn. Ct. App. 2013). In *Wilson*, this Court concluded that "the determination of whether an ambulance attendant falls below the standard of care by not locking the stretcher in place in the ambulance is a matter that can be assessed on the basis of common experience without the need for expert medical testimony." *Id.* We note that in both of these cases, filed before the 2011 amendments to the THCLA, this Court determined that the claims sounded in ordinary negligence rather than health care liability.[3]

---

[3] As our Supreme Court has explained regarding changes in the Tennessee Health Care Liability Act:

In an action following the enactment of the 2011 amendments to the Tennessee Health Care Liability Act, this Court has similarly defined the type of common knowledge that would eliminate the necessity of expert medical proof in a health care liability action. In *Osunde*, a radiology technician provided a patient with a "wobbly" stool to use while undergoing an x-ray, and the plaintiff fell when trying to step down from the stool. *Osunde*, 505 S.W.3d at 877. Although the *Osunde* Court determined that the plaintiff's claims were subject to the Tennessee Health Care Liability Act because the plaintiff was injured by the alleged negligence of a health care provider when providing a health care service, this Court also explained:

> Notwithstanding the general requirement that an action filed under the THCLA be supported by expert proof, it is not absolute. As our Supreme Court acknowledged in *Ellithorpe,* expert proof is not required in a health care liability action where the claim "falls within the 'common knowledge' exception." *Ellithorpe,* 479 S.W.3d at 829. Reviewing the case law in Tennessee reveals that the "common knowledge" language has been referred to in two contexts regarding claims asserted against medical providers. First, expert proof may be dispensed with when the trier of fact can determine, based on common knowledge, that the direct allegations against a defendant constitute negligence. *See, e.g., Rural Ed. Ass'n v. Anderson,* 37 Tenn. App. 209, 261 S.W.2d 151, 155 (1953) ("It is a matter of common knowledge and common sense of laymen that a patient in such a condition should be watched and protected and not left unattended on an upper story by an unguarded window through which he might, and

---

[In 2011,] the Legislature passed the Tennessee Civil Justice Act of 2011, further amending the Tennessee Medical Malpractice Act. *See* Tennessee Civil Justice Act of 2011, ch. 510, 2011 Tenn. Pub Acts 1505 (codified at Tenn. Code Ann. 29-26-101 et seq. (Supp. 2011)). Notably, the Tennessee Civil Justice Act of 2011 amended the existing Tennessee Medical Malpractice Act by removing all references to "medical malpractice" from the Tennessee Code and replacing them with "health care liability" or "health care liability action" as applicable. *See id.* Furthermore, section 29-26-101 was added to the Code which defined "health care liability action" as "any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, *regardless of the theory of liability on which the action is based.*" Tenn. Code Ann. 29-26-101(a)(1) (Supp. 2011) (emphasis added). This same section went on to provide that "[a]ny such civil action or claim is subject to the provisions of this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint." *Id.* § 29-26-101(c).

*Ellithorpe*, 479 S.W.3d at 826.

ultimately did, fall or jump to his death."). When courts use the "common knowledge" language in this sense, they are directly referencing the "common knowledge" exception. We note, however, that the "common knowledge" language has also been referred to in cases involving the application of *res ipsa loquitur,* which "allows an inference of negligence where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent." *Seavers v. Methodist Med. Ctr. of Oak Ridge,* 9 S.W.3d 86, 91 (Tenn. 1999) (citations omitted). A *res ipsa loquitur* instruction is often necessary in cases where "direct evidence of a defendant's negligence is either inaccessible to or unknown by the plaintiff." *Id.* (citations omitted). Under the traditional articulation of the doctrine of *res ipsa loquitur,* which is now codified at Tennessee Code Annotated section 29-26-115(c), "there was considerable overlap with the common knowledge exception, inasmuch as the *res ipsa loquitur* requirement that the injury be one which ordinarily does not occur in the absence of negligence was often phrased in terms of 'common experience' or 'ordinary experience.'" *Deuel v. Surgical Clinic, PLLC,* No. M2009-01551-COA-R3-CV, 2010 WL 3237297, at *11 (Tenn. Ct. App. Aug. 16, 2010) (citations omitted). Once, this Court went so far as to liken *res ipsa loquitur* and the common knowledge exception as "Siamese twins." *Murphy v. Schwartz,* 739 S.W.2d 777, 778 (Tenn. Ct. App. 1986). Notwithstanding the differences in context in which the common knowledge language has been discussed, one salient point emerges as it concerns expert proof and the application of the "common knowledge" exception itself: expert testimony is not required where the act of alleged wrongful conduct lies within the common knowledge of a layperson. *See Baldwin v. Knight,* 569 S.W.2d 450, 456 (Tenn. 1978); *Bowman v. Henard,* 547 S.W.2d 527, 530-31 (Tenn. 1977); *Tucker v. Metro. Gov't of Nashville & Davidson Cnty.,* 686 S.W.2d 87, 92 (Tenn. Ct. App. 1984).

Given this understanding, a determination that a claim falls within the THCLA does not automatically trigger all of the statute's requirements. The need for expert proof will not lie if the matter is within the common knowledge of a layperson, and if there is no need for expert proof, a plaintiff's complaint will not fail for failure to attach a certificate of good faith under section 29-26-122. *See* Tenn. Code Ann. 29-26-122(a) (2012) ("In any health care liability action *in which expert testimony is required* by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.") (emphasis added). Thus, although determining that a claim constitutes a health care liability action will

subject it to the pre-suit notice requirement in section 29-26-121, additional analysis is needed to determine whether expert proof is necessary. *See Smith v. Testerman,* No. E2014-00956-COA-R9-CV, 2015 WL 1118009, at *5 (Tenn. Ct. App. Mar. 10, 2015), *perm. app. denied* (Tenn. June 15, 2015).

*Id*. at 886-87.

In determining whether expert proof was necessary in *Osunde*, this Court stated:

Mrs. Osunde is asserting that negligence was committed through the radiology technician's provision of a faulty, uneven stool. She testified in her deposition that when she attempted to step off the stool provided to her, the weight of the stool shifted from under her. As Mrs. Osunde's counsel has submitted, this is simply a case of a "wobbly stool." It is within the common knowledge of a layperson to determine whether the provision of an unstable stool is negligent. An expert is not needed to aid in the understanding of this issue, and as such, the trial court did not err in allowing Mrs. Osunde's case to go to trial.

*Id*. at 888-89.

Similarly, in this case, we determine that it would be within the common knowledge of a layperson whether an EMT's alleged negligent, reckless, or intentional striking of a patient's face while the patient is strapped to a gurney would fall below the standard of care. Because this alleged act would not require expert proof to "aid in the understanding of this issue," the trial court erred by failing to determine that this case fell within the common knowledge exception. Because no expert proof was necessary to establish negligence, no certificate of good faith would be required pursuant to Tennessee Code Annotated § 29-26-122. Therefore, the trial court should not have dismissed Mr. Zink's action with prejudice for failing to file a certificate of good faith.

Defendants argue that expert testimony would be required to establish whether Mr. Osborne's actions actually caused Mr. Zink's claimed injuries and whether damages resulted therefrom. Specifically, Defendants insist that Mr. Zink's underlying medical issues might have been the cause of his injuries. In support of this contention, Defendants rely on this Court's opinion in *Redick v. Saint Thomas Midtown Hospital*, No. M2016-00428-COA-R3-CV, 2016 WL 6299465 (Tenn. Ct. App. Oct. 26, 2016), *perm. app. denied* (Tenn. Feb. 24, 2017). The plaintiff in *Redick*, who was admitted to the hospital for weakness after suffering falls for two days, was allegedly injured after

11

suffering another fall in the hospital, despite fall precautions implemented by the hospital staff. *Id.* at *1. With regard to expert proof regarding breach of duty, this Court stated:

> It is undisputed that Plaintiff failed to file a certificate of good faith with her complaint. The Hospital filed a motion seeking to have Plaintiff's complaint dismissed with prejudice for failure to file a certificate of good faith. Plaintiff argues that expert testimony is not required in this case due to the common knowledge exception, and, therefore, a certificate of good faith was not required.
>
> * * *
>
> Construing the complaint liberally in favor of Plaintiff, as we must at this stage of the proceedings, we find, as did the Trial Court, that the common knowledge exception applies in this case with regard to the element of breach of duty. Plaintiff alleged that she was placed under "fall precautions" and that "Jane Doe was within arm's reach of Plaintiff and despite Plaintiff reaching out Jane Doe failed to assist Plaintiff resulting in Plaintiff's fall." Thus, Plaintiff has alleged that although the Hospital was aware that Plaintiff needed extra help and that fall precautions were in place for Plaintiff's protection, the Hospital's employee failed to comply with the fall precautions by placing the commode out of reach of the bed and then failing to assist Plaintiff to transfer from the commode back to the bed. We agree with the Trial Court that these allegations as to a breach of duty are within the common knowledge of laypersons, and, thus, would not require expert proof. Therefore, as no expert proof is required on the issue of breach of duty, Tenn. Code Ann. § 29-26-122 does not require the dismissal with prejudice of Plaintiff's complaint.

*Id.* at *4. With regard to causation and damages, however, this Court further explained:

> Plaintiff would have to prove that the particular fall at issue in this case, and not any other fall or event Plaintiff may have suffered prior to the fall at issue, was the proximate cause of the injuries she allegedly received. Plaintiff's complaint alleges that she was admitted to the Hospital "with complaints of diffuse weakness and falling for two days." The fall at issue in this case occurred less than one week after Plaintiff was admitted to the Hospital. Given this, it is not unreasonable to suppose that Plaintiff may have suffered injuries from falls other than the fall at issue in this case. Expert proof would be required to show that Plaintiff's alleged injuries were proximately caused by the particular fall at issue in this case. The

cause of Plaintiff's injuries simply is not within the common knowledge of a layperson, and, therefore, would require expert proof.

*Id*. at \*5. This Court accordingly affirmed the trial court's dismissal of the plaintiff's claims with prejudice.

The factual distinction between the case at bar and *Redick* is that in *Redick*, the injuries suffered by the plaintiff due to the defendant's alleged negligence could not be distinguished from her recent injuries suffered before the alleged negligent act occurred in the absence of medical proof. *Id*. By contrast, in this case, there is nothing in the record to suggest that Mr. Zink's underlying injuries or medical condition that precipitated his contact with Mr. Osborne were in any way related or similar to the injuries he allegedly suffered from being struck in the face. In fact, the complaint provides a dearth of information regarding Mr. Zink's underlying medical condition. It is unknown whether Mr. Osborne was responding to a call for assistance regarding a fall or car accident that might have caused similar injury to Mr. Zink's face, or whether Mr. Zink had suffered a medical event, such as a heart attack, that would not have resulted in an injury to his face.

"[A] complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief." *Trau-Med of Am., Inc.,* 71 S.W.3d at 696. In the case at bar, the fact that Mr. Zink has no expert proof is not necessarily fatal to his claims. Drawing all reasonable inferences in Mr. Zink's favor, as we must, does not unavoidably lead to the conclusion that Mr. Zink could not prove causation or damages without expert medical proof. Following our thorough review of the complaint in accordance with the applicable standard of review, we conclude that the trial court erred by dismissing Mr. Zink's action with prejudice based on his failure to file a certificate of good faith.

## VI. Conclusion

For the foregoing reasons, we reverse the trial court's order dismissing Mr. Zink's claims with prejudice. We remand this matter to the trial court for entry of an order dismissing Mr. Zink's claims without prejudice based upon his failure to provide pre-suit notice. Costs on appeal are taxed to the defendants, Rural/Metro of Tennessee, L.P.; Rural/Metro Corporation of Tennessee; and Randy Osborne.

_____
THOMAS R. FRIERSON, II, JUDGE