N THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 9, 2018 Session

## LATAISHA M. JACKSON v. CHARLES ANTHONY BURRELL ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-000328-15  Valerie L Smith, Judge**

————————————————————

**No. W2018-00057-COA-R3-CV**

————————————————————

This is a sexual assualt/health care liability case wherein a female customer alleges she was assaulted while receiving a massage at a day spa.  The customer sued both the massage therapist as well as the employer-business, bringing intentional tort, negligence, and vicarious liability claims.   The customer complied with the pre-suit notice requirements as required by the Tennessee Health Care Liability Act; however, she failed to file a certificate of good faith with her complaint.  The massage therapist and the business both moved for summary judgment and noted such failure, asking the trial court to dismiss the customer's claims with prejudice.  The trial court granted both parties' motions for summary judgment, dismissing all of the customer's claims.  The customer appealed.  Because we find that the requirements of the Tennessee Health Care Liability Act are not applicable to the claims against the massage therapist but are applicable to the claims against the employer, we affirm in part and reverse in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which BRANDON O. GIBSON, J., joined and J. STEVEN STAFFORD, P.J., W.S., filed a separate opinion concurring in part and dissenting in part.

John Calvin Patterson Kate H. Patterson, Como, Mississippi, and R. Sadler Bailey and James Vance Montgomery, Memphis, Tennessee for the appellant, Lataisha M. Jackson.

Charles W. Hill and Robert B. C. Hale, Memphis, Tennessee, for the appellee, Gould's Salons, Inc. d/b/a Gould's Day Spa & Salon.

Warren D. McWhirter, Germantown, Tennessee, for the appellee, Charles Anthony Burrell.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On April 14, 2014, Lataisha Jackson ("Plaintiff") received a massage from Charles Burrell ("Defendant Burrell"), a massage therapist employed by Gould's Salons, Inc. ("Defendant Gould's") at its location in Cordova, Tennessee. According to the Complaint, near the end of the massage treatment, Defendant Burrell sexually assaulted Plaintiff. Shocked by the assault, Plaintiff immediately attempted to jerk her body from its horizontal position. Defendant Burrell then "exited the room without uttering a word to Plaintiff and closed the door behind him, leaving Plaintiff in the dimly lit massage room in a state of shock." Plaintiff alleged that the sexual assault caused her to develop a genital infection, requiring her to receive medical care, including outpatient surgery.

On January 23, 2015, Plaintiff filed a complaint in circuit court against Defendant Burrell, alleging claims for assault and battery, intentional or reckless infliction of emotional distress, and false imprisonment and against Defendant Gould's for vicarious liability, negligence, and negligent supervision, retention, and training.[1] Defendant Gould's filed its answer on February 24, 2015, and, on April 23, 2015, prior to participating in discovery, moved for summary judgment. Defendant Burrell filed his answer on May 15, 2015, denying Plaintiff's allegations. In its motion for summary judgment, Defendant Gould's argued that Plaintiff's vicarious liability and negligence claims must fail because Plaintiff, before her massage, had executed a written waiver of liability and, additionally, that Plaintiff had not complied with the requirements of the Tennessee Health Care Liability Act ("THCLA") by failing to file a certificate of good faith with her complaint. Plaintiff filed her response in opposition to Defendant Gould's motion for summary judgment on July 18, 2015, arguing that the validity of the waiver of liability was questionable and that, because expert testimony would not be needed, a certificate of good faith was not required to be filed. On September 18, 2015, the trial court conducted a hearing on Defendant Gould's motion for summary judgment and entered an order holding such motion in abeyance, ordering Defendant Gould's to respond to Plaintiff's first set of interrogatories and requests for production of documents by October 19, 2015.

On May 3, 2016, following discovery by the parties, Defendant Gould's renewed its motion for summary judgment, arguing, *inter alia*, that Plaintiff failed to comply with the requirements of the THCLA by not filing a certificate of good faith with her complaint. On May 26, 2016, Plaintiff moved to amend her complaint, which the trial court granted on June 3, 2016, without objection from the Defendants. Plaintiff subsequently filed her amended complaint adding an ad damnum clause seeking both

---

[1] The substance of Plaintiff's negligence claim and negligent supervision, retention, and training claim against Defendant Gould's are the same.

compensatory and punitive damages, in the amounts of $50,000,000.00 and $100,000,000.00, respectively. Defendant Gould's filed an amended renewed motion for summary judgment on August 16, 2016, adding the argument that Plaintiff's negligent hiring claim must fail because there was no evidence that "Defendant Burrell was unfit for the job of massage therapist before Defendant Gould's hired him, that he would pose an unreasonable risk to others if hired, or that Defendant Gould's should have otherwise been on notice that Defendant Burrell was likely to commit such an intentional act[.]" On September 21, 2016, Defendant Burrell also filed a motion for summary judgment on the grounds that Plaintiff failed to file a certificate of good faith with her complaint. The trial court heard oral arguments on all pending motions for summary judgment on October 26, 2016. At the hearing, Plaintiff made an oral motion to amend her complaint to add a count of gross negligence in addition to her theories of liability against Defendant Gould's, which the trial court granted by consent order on November 8, 2016.

The trial court orally ruled on all pending motions for summary judgment on November 8, 2016. In its ruling, the trial court stated that there were three issues raised by Defendant Gould's and Defendant Burrell's motions, one of which had been conceded by Plaintiff—the negligent hiring issue. The other two issues related to the effect of the waiver of liability and Plaintiff's failure to file a certificate of good faith with her complaint. As to the former, the trial court found that the waiver in question did not contemplate an intentional tort as was alleged by Plaintiff. As to the latter, the trial court concluded that the THCLA required that Plaintiff file a certificate of good faith with her complaint in order to sustain her action. Because Plaintiff failed to do so, the trial court granted both Defendants' motions for summary judgment "on that basis alone."

On May 8, 2017, Plaintiff filed a supplemental memorandum to her response in opposition to Defendant Gould's and Defendant Burrell's motions for summary judgment. At the time of the filing, approximately six months had passed since the trial court's November 8, 2016 oral ruling, but no written order had been entered. In the supplemental memorandum, Plaintiff stated that, since the oral ruling, this Court had delivered two opinions[2] supporting her position that intentional bodily harm is not covered by the THCLA and, accordingly, her claims could not be dismissed for failure to file a certificate of good faith. In light of the two opinions and the fact that no written order had yet been entered, Plaintiff requested that the trial court deny Defendant Gould's and Defendant Burrell's respective motions for summary judgment. Defendant Gould's filed a response on May 10, 2017, arguing that the two opinions were "inapposite" and asking the trial court to grant its amended renewed motion for summary judgment consistent with its previous November 8, 2016 oral ruling.

---

[2] *Lacy v. Mitchell*, 541 S.W.3d 55 (Tenn. Ct. App. 2016); *Lacy v. St. Thomas Hosp. West*, No. M2016-01272-COA-R3-CV, 2017 WL 1827021 (Tenn. Ct. App. May 4, 2017).

On December 5, 2017, a final written order had still not been entered, and Plaintiff filed a second supplemental memorandum, stating that this Court had issued a third separate opinion[3] which, she argued, supported her position that a certificate of good faith was not required for cases involving intentional tort claims. On December 11, 2017, in conformity with its November 8, 2016 ruling from the bench, the trial court entered its order granting Defendant Gould's and Defendant Burrell's respective motions for summary judgment.[4] The trial court's order, however, made no reference to any of the three opinions issued by this court in the interim and cited by Plaintiff in her supplemental memoranda. Specifically, the trial court granted Defendant Gould's and Defendant Burrell's motions, dismissing all of Plaintiff's claims with prejudice. Plaintiff timely appealed.

### ISSUE PRESENTED

Though Plaintiff, Defendant Gould's, and Defendant Burrell raise numerous issues on appeal, we consolidate them into one: Whether the trial court erred in granting Defendant Gould's and Defendant Burrell's respective motions for summary judgment on the basis that Plaintiff failed to file a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122.

### STANDARD OF REVIEW

In an appeal from a bench trial, we review findings of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). However, we review questions of law de novo with no presumption of correctness. *See Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (quoting Tenn. R. Civ. P. 56.04). "We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Id.* "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."

---

[3] *Zink v. Rural/Metro of Tenn., L.P.*, 531 S.W.3d 698 (Tenn. Ct. App. 2017).

[4] The trial court reiterated that there were three issues raised by Defendant Gould's and Burrell's respective motions for summary judgment: (1) the viability of Plaintiff's negligent hiring claim; (2) the enforceability of the written waiver; and (3) whether Plaintiff was required to file a certificate of good faith. The trial court concluded that Plaintiff conceded the negligent hiring claim, that the waiver of liability was not enforceable, and that the THCLA required Plaintiff to file a certificate of good faith with her complaint in this case.

*Id.* "The courts must deny a motion for summary judgment if any doubt exists with regard to the facts or the conclusions to be drawn from the facts." *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)).

## DISCUSSION

"A claim will be subject to the THCLA if the facts of the case show that it qualifies as a 'health care liability action' as that term is statutorily defined." *Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 884 (Tenn. Ct. App. 2016). Tennessee Code Annotated section 29-26-101 has defined a health care liability action as follows:

> [A]ny civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based[.]

Tenn. Code Ann. § 29-26-101(a)(1). The statute goes on to define a "health care provider" as "[a] health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68 . . . ." *Id*. § 29-26-101(a)(2)(A). As is relevant here, Defendant Burrell and Defendant Gould's are both licensed and regulated under Tennessee Code Annotated sections 63-18-101 through 63-18-116, also known as the Massage Licensure Act of 1995.[5] As a result, and before we review the nature of the claims brought against each of the Defendants, it would initially appear that both Defendant Burrell and Defendant Gould's are otherwise subject to the provisions of the THCLA.

A claim that falls into the ambit of the THCLA is subject to numerous requirements. As this Court noted in *Osunde*, "[n]ot only is a health care liability action subject to the pre-suit notice requirement contained in Tennessee Code annotated section 29-26-121, but, potentially, it is subject to the certificate of good faith requirement in section 29-26-122, as well as the expert proof requirement in section 29-26-115." *Osunde*, 505 S.W.3d at 885. As we have previously held, however, the applicability of these requirements also depends on the nature of the claim brought against the health care provider. *Cordell v. Cleveland Tenn. Hosp., LLC*, 544 S.W.3d 331, 338 (Tenn. Ct. App. 2017). While Plaintiff's claims against Defendant Burrell sounded in intentional tort, those against Defendant Gould's sounded in negligence and vicarious liability. Therefore, the analysis of the disparate claims against these defendants must be conducted by reviewing each through a different lens. We thus address the claims

---

[5] The Massage Licensure Act defines a "massage establishment" as a "place of business held out to the public wherein massage is practiced" and a "massage therapist" as a "person who practices massage for compensation and is licensed by the board." Tenn. Code Ann. § 63-118-102(4)-(5).

against Defendant Burrell and Defendant Gould's separately in order to determine whether or not the THCLA applies to such claims.

## A.  Claims Against Defendant Burrell

Plaintiff raised numerous intentional tort claims against Defendant Burrell, including claims of assault and battery, intentional or reckless infliction of emotional distress, and false imprisonment.  Defendant Burrell concedes that, under the current state of the law, the trial court's dismissal of Plaintiff's causes of action sounding in intentional tort must be reversed.  We agree.  Allegations of willful and tortious actions—including, but not limited to, assault, battery, and rape—do not fall within the ambit of the THCLA.  *See C.D. v. Keystone Continuum, LLC*, E2016-02528-COA-R3-CV, 2018 WL 503536, at *5 (Tenn. Ct. App. Jan. 22, 2018) ("[T]he allegations in the present action . . . do not allege that a health care provider caused an injury related to the provision of, or failure to provide, health care services.  The plaintiffs' claims are for willful assault and battery."); *Lacy v. St. Thomas Hosp. West*, No. M2016-01272-COA-R3-CV, 2017 WL 1827021, at *4 (Tenn. Ct. App. May 4, 2017) ("It strains credulity to view a willful assault as being related to the provision of health care services."); *Cordell*, 544 S.W.3d at 340 ("[W]e fail to see how a defendant's alleged rape of a patient is related to the provision of, or failure to provide, health care services."); *Lacy v. Mitchell*, 541 S.W.3d 55 (Tenn. Ct. App. 2016) (Chiropractor's act of striking patient in the back as she was leaving her appointment was found not be related to the provision of health care services).  Similarly, here, we are of the opinion that Plaintiff's claims of assault and battery, intentional or reckless infliction of emotional distress, and false imprisonment are clearly not related to the provision of, or the failure to provide, health care services.  Accordingly, Plaintiff's intentional tort claims against Defendant Burrell are not subject to the requirements of the THCLA.  Because Plaintiff's claims against Defendant Burrell are not subject to the requirements of the THCLA, obviously there was no need for the Plaintiff to file a certificate of good faith and we reverse the trial court's grant of Defendant Burrell's motion for summary judgment.  All other issues related to Defendant Burrell are pretermitted.

## B.  Claims Against Defendant Gould's

Against Defendant Gould's, Plaintiff brought claims of negligence, gross negligence, negligent supervision, retention, and hiring, and vicarious liability.  The trial court granted Defendant Gould's motion for summary judgment and dismissed all of these claims.  After our review of the record, we are of the opinion that such dismissal was proper.

In all of her negligence claims, Plaintiff asserted Defendant Gould's knew that Defendant Burrell was unfit for the intimate duties of a massage therapist but nevertheless retained him and failed to provide adequate training, supervision, and

preventative measures. Plaintiff's gross negligence claim is substantially the same.[6] As this Court noted in *Cordell*,

> had the original complaint brought a negligence claim against [an employer] directly and asserted that it was liable due to its failure to provide appropriate care, supervision, or monitoring, the complaint would have alleged that a "health care provider . . . caused an injury related to the . . . failure to provide . . . health care services.

*Cordell*, 544 S.W.3d at 339. Negligence claims against health care provider employers as to their hiring, supervision, training, or retention of an employee *are* health care liability claims subject to the THCLA. Plaintiff has admitted as much in her brief on appeal, wherein she:

> concedes that a certificate of good faith was not attached, as would be required by [the TCHLA] for a health care liability action based in negligence . . ., [Plaintiff] contends that [the THCLA] does not apply to a cause of action based on a licensed health care practitioner's intentional acts of sexual battery.

We agree that the THCLA does not apply to a cause of action based on a licensed health care practitioner's intentional acts of sexual battery; however, Plaintiff's claims against Defendant Gould's are for negligence, not sexual battery. Plaintiff brought negligent hiring, retention, and supervision claims against Defendant Gould's, claims which are subject to the THCLA. Accordingly, because Plaintiff failed to file a certificate of good faith with her complaint, we are of the opinion that the trial court's grant of Defendant Gould's motion for summary judgment as to Plaintiff's negligence claims was proper.

As to Plaintiff's vicarious liability claim, this Court has noted that "[t]he doctrine of respondeat superior permits a principal to be held liable for the *negligent* acts of its agents." *Tucker v. Sierra Builders*, 180 S.W.3d 109, 120 (Tenn. Ct. App. 2005) (citing *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 346 (Tenn. 2002). Plaintiff's claims against Defendant Burrell were for intentional acts, not negligence. Further:

> To hold a principle liable for the acts of another, a plaintiff must prove (1) that the person causing the injury was the principal's agent and (2) that the person causing the injury was acting on the principal's business and acting within the scope of his or her employment when the injury occurred.

---

[6] Specifically, Plaintiff claimed Defendant Gould's committed gross negligence "by allowing Defendant Burrell to continue to work after it received complaints of inappropriate sexual touching."

*Id.* Here, it is undisputed that Defendant Burrell was an agent of Defendant Gould's. However, just as we have held that it "strains credulity to view a willful assault as being related to the provision of health care services[,]" *Lacy v. St. Thomas Hosp., West*, 2017 WL 1827021, at \*4, so, too, must we hold that it strains credulity to view a massage therapist's act of sexual assault to be within the scope of employment.[7] Accordingly, we find that the trial court's grant of Defendant Gould's motion for summary judgment as to Plaintiff's vicarious liability claim was proper.

## C.  Common Knowledge Exception

Generally, in health care liability actions, "expert proof is required to establish the recognized standard of acceptable professional practice in the profession[.]" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015).  However, as this Court observed in a recent opinion, "expert testimony is not required where the act of alleged wrongful conduct lies within the common knowledge of a layperson." *Osunde*, 505 S.W.3d at 886. Plaintiff contends that all of her claims are subject to the "common knowledge exception," and that, as such, she is not required to file a certificate of good faith with her complaint.  We disagree.

As we have stated, Plaintiff's intentional tort claims against Defendant Burrell are not within the ambit of the THCLA, and, therefore, a certificate of good faith is not necessary and the common knowledge exception is inapplicable.

As to her claims against Defendant Gould's, however, Plaintiff conflates the applicability of the common knowledge exception, as it pertains to her negligence claims against Defendant Gould's, with her intentional tort claims against Defendant Burrell.  A separate analysis is, therefore, required to determine if the common knowledge exception applies to the Plaintiff's claims against Defendant Gould's.  Specifically, Plaintiff contends that it is within the common knowledge of a lay person that it is wrong for a massage therapist to commit a sexual assault and, thus, an expert would not be required to prove liability.  While we agree that an expert would not be required to prove a sexual assault claim, this reasoning is applicable only to the intentional tort claims against Defendant Burrell.  The Plaintiff's claims against Defendant Gould's, however, are not for sexual assault but rather that Defendant Gould's negligently hired, retained, and supervised its employee.  As such, the proper application of the exception is whether expert proof is required to prove Plaintiff's *negligence claims* against Defendant Gould's—an argument which Plaintiff did not make.

In his dissent, however, our good friend and colleague does make such an

---

[7] The conclusion that a sexual assault by a massage therapist is *unrelated* to the provision of, or failure to provide, health care services demands a similar conclusion—that a sexual assault is outside the scope of employment of a massage therapist.

argument, finding that "common knowledge alone is sufficient to determine whether Gould's breached the standard of care in allowing Defendant Burrell to continue engaging in close, intimate contact with dis-robed customers[.]" As noted above, this argument was not raised or argued by Plaintiff to the trial court or in her brief to this Court.[8] "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). However, even if Plaintiff *had* made the proper argument, there are no facts in the record to support it.

As this Court has observed, "only the most obvious forms of [medical] negligence may be established without expert testimony." *Newman v. Guardian Healthcare Providers, Inc. et al.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, at *6 (Tenn. Ct. App. July 27, 2016) (quoting *Ayers v. Rutherford Hosp., Inc.*, 689 S.W.2d 155, 160 (Tenn. Ct. App. 1984)); *see also Graniger v. Methodist Hosp. Healthcare Sys., Inc.*, No. 02A01-9309-CV-00201, 1994 WL 496781, at *3 (Tenn. Ct. App. Sept. 9, 1994) ("The common knowledge exception applies to cases in which the medical negligence is as blatant as a 'fly floating in a bowl of buttermilk' so that all mankind knows that such things are not done absent negligence."). Here, the record indicates that Defendant Gould's received two complaints stating that Defendant Burrell made the respective customers feel "uncomfortable." Neither complaint, however, specifically accuses Defendant Burrell of sexual assault. In fact, one complaint clarifies that Defendant Burrell "never touched me in inappropriate places, just to be clear." Moreover, Plaintiff fails to cite to anywhere in the record demonstrating what actions Defendant Gould's took or failed to take after it received the two complaints regarding Defendant Burrell. Without such proof, and under these circumstances, the ordinary layman does not possess the knowledge required to determine whether or not Defendant Gould's violated the massage industry standard in retaining or supervising Defendant Burrell. We, therefore, respectfully disagree with the dissent and conclude that, under the facts and posture of this case, "expert proof is required to establish the recognized standard of acceptable professional practice" in the massage service industry. *See Ellithorpe*, 479 S.W.3d at

---

[8] The dissent states that this common knowledge argument was raised "only twice in the trial court" and that, even then, was raised only "in a minimal and specious fashion." We respectfully disagree that it was raised as to Plaintiff's negligence claims against Defendant Gould's. In one of the two instances cited by the dissent, Plaintiff asserts that "any average layperson would have common knowledge sufficient to conclude that *sexual assault/battery* is not an act of malpractice, and there is no standard of care that even could be applied to a *sexual assault*." (Emphasis added). In the other, Plaintiff asserts that "*sexual battery* is criminal conduct" and that, as such, "[i]t does not require expert proof." (Emphasis added). In both of these instances, Plaintiff has improperly conflated the alleged sexual battery by Defendant Burrell as the "act of alleged wrongful conduct" by Defendant Gould's. As we concluded earlier, a separate analysis is required to determine if the exception applies to Plaintiff's negligence claims against Defendant Gould's.

829.

We, therefore, conclude that the common knowledge exception is inapplicable and that Plaintiff's failure to file a certificate of good faith as required by the THCLA was, therefore, fatal to her negligence claims against Defendant Gould's.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's grant of summary judgment as to Defendant Burrell and affirm the trial court's grant of summary judgment as to Defendant Gould's.

_____
ARNOLD B. GOLDIN, JUDGE